UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| RANDALL SCOTT ROUNSAVILLE, ) <br> ) <br> *Petitioner*, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> *Respondent*. ) | Case Nos. 1:21-cv-83; 1:17-cr-69 <br><br> Judge Travis R. McDonough |

**MEMORANDUM OPINION**

Before the Court is Petitioner Randall Scott Rounsaville's motion to amend, correct, or vacate his sentence pursuant to 18 U.S.C. § 2255 (Doc. 1 in Case No. 1:21-cv-83; Doc. 610 in Case No. 1:17-cr-69). For the following reasons, the Court will **DENY** Petitioner's motion.

**I.  BACKGROUND**

On March 27, 2018, a grand jury returned a superseding indictment charging Petitioner with one count of conspiring to distribute and possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. (Doc. 253 in Case No. 1:17-cr-69). Petitioner then filed a motion to suppress (Doc. 281 in Case No. 1:17-cr-69), which the Court denied (Doc. 365 in Case No. 1:17-cr-69). In January 2019, Petitioner entered into a plea agreement with the Government, in which he agreed to plead guilty to one count of conspiracy to distribute and possess with the intent to distribute methamphetamine. (Doc. 427 in Case No. 1:17-cr-69.) As part of the plea agreement, the parties agreed, among other things, that "the appropriate disposition of this case" includes the Court "impos[ing] any lawful term(s) of

imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s)." (*Id.* at 4.)

On February 4, 2019, United States District Judge Harry S. Mattice, Jr. conducted Petitioner's change-of-plea hearing. (*See* Doc. 448 in Case No. 1:17-cr-69.) During the change-of-plea hearing, and while under oath, Petitioner represented that he: (1) had a sufficient opportunity to consult with his attorney about his case; (2) was satisfied with his attorney's representation in this case; (3) understood that he faced a mandatory-minimum sentence of at least ten years' imprisonment; and (4) had discussed possible sentences he could face based on his guilty plea with his attorney.

On June 10, 2019, Judge Mattice conducted Petitioner's sentencing hearing. (*See* Doc. 576 in Case No. 1:17-cr-69.) Before sentencing Petitioner, Judge Mattice asked if he had carefully reviewed the presentence report and if he had time to discuss it with his attorney. (*Id.* at 3.) Petitioner responded "yes." (*Id.*) Based on a total offense level of thirty-seven and a criminal history category of I, Judge Mattice calculated Petitioner's advisory guidelines range as 210 to 262 months' imprisonment. (*Id.* at 4.) Judge Mattice then sentenced Petitioner to 195 months' imprisonment, to be followed by five years of supervised release. (Doc. 550 in Case No. 1:17-cr-69.) The United States Court of Appeals affirmed Petitioner's conviction and sentence, holding among other things, that the Court did not err in denying his motion to suppress. (Doc. 574 in Case No. 1:17-cr-69.)

On April 19, 2021, Petitioner timely filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C § 2255. (Doc. 1 in Case No. 1:21-cv-83; Doc. 610 in Case No. 1:17-cr-69.) In his motion, Petitioner asserts that he received ineffective assistance of counsel. Petitioner's motion is ripe for the Court's review.

2

## II. STANDARD OF LAW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Additionally, in ruling on a motion made pursuant to 28 U.S.C. § 2255, the Court must determine whether an evidentiary hearing is necessary. "An evidentiary hearing is required unless the record conclusively shows that the petitioner is entitled to no relief." *Martin v. United States*, 889 F.3d 827, 832 (6th Cir. 2018) (quoting *Campbell v. United States*, 686 F.3d 353, 357 (6th Cir. 2012)); *see also* 28 U.S.C. § 2255(b). "The burden for establishing entitlement to an evidentiary hearing is relatively light, and where there is a factual dispute, the *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Id*. (internal quotations omitted). While a petitioner's "mere assertion of innocence" does not entitle him to an evidentiary hearing, the district court cannot forego an evidentiary hearing unless "the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*. When petitioner's factual narrative of the events is not contradicted by the record and not inherently incredible and the government offers nothing more than contrary representations, the petitioner is entitled to an evidentiary hearing. *Id*.

### III. ANALYSIS

In his motion, Petitioner argues that his counsel was constitutionally ineffective because he: (1) failed to obtain an expert witness regarding his mental health "to lay the groundwork for a favorable plea or trial disposition"; (2) failed to review prior convictions "so that Petitioner would know [his] sentencing exposure"; (3) failed to "properly explore the issue of Petitioner's mental health and drug abuse issues" and to "fulfill the obligations of an aggressive counsel during the plea negotiation process"; (4) misadvised him as to the length of sentence he would receive if he pleaded guilty versus if he went to trial; (5) failed to "adequately argue" the § 3553(a) factors, especially arguments related to physical and mental health issues and other mitigation evidence, at sentencing; and (6) failed to present character witnesses at sentencing. (Doc. 1-1 in Case No. 1:21-cv-83.)

To collaterally attack his conviction based on ineffective assistance of counsel, Petitioner must establish "that [his] lawyers performed well below the norm of competence in the profession and that this failing prejudiced [his] case." *Caudill v. Conover*, 881 F.3d 454, 460 (6th Cir. 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The performance inquiry requires the defendant to "show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Therefore, the Court should resist "the temptation to rely on hindsight . . . in the context of ineffective assistance claims." *Carson v. United States*, 3 F. App'x 321, 324 (6th Cir. 2001); *see also Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the

time."). Additionally, the prejudice inquiry requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner first argues that he received ineffective assistance of counsel during the plea-negotiation process—namely, that counsel was ineffective for failing to secure a more favorable plea agreement. Specifically, Petitioner contends that his counsel failed to adequately investigate his case, including his mental health, and that he likely would have received more favorable terms in connection with pleading guilty if his counsel had advised him to plead guilty earlier.[1] (Doc. 1-1, at 5–7 in Case No. 1:21-cv-83.) To demonstrate ineffective assistance of counsel during the plea-negotiation process, a petitioner must, at a minimum, "present sufficient evidence to undermine confidence in the outcome of the plea-negotiation process." *Rodriguez Penton v. United States* 905 F.3d 481, 489 (6th Cir. 2018).

In this case, Petitioner has not provided any evidence sufficient to undermine confidence in the plea-negotiation process. First, there is no constitutional right to a plea agreement. *Weatherford v. Bursey*, 429 U.S. 545, 560–61 (1977). Second, Petitioner generally claims that his counsel failed to investigate his mental health issues, but he fails to explain what counsel would have discovered with additional investigation or how he was prejudiced other than to summarily assert additional investigation would have laid the "groundwork for a favorable plea or trial disposition." (Doc. 1-1, at 6, in Case No. 1:21-cv-83.) Such conclusory allegations fail

---

[1] Petitioner's attorney did file a motion for psychiatric exam to determine if he was mentally competent to stand trial. (Doc. 166 in Case No. 1:17-cr-69.) United States District Court Judge Harry S. Mattice, Jr. ultimately determined that Petitioner was "not suffering from a mental disease or defect which render[ed] him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense." (Doc. 257 in Case No. 1:17-cr-69.)

5

to demonstrate that counsel's actions fell below an objective standard of reasonableness, that Petitioner was prejudiced by counsel's actions, or undermine the Court's confidence in the plea-negotiation process. *See Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013) ("Generally, courts have held that conclusory allegations alone, without supporting factual averments, are insufficient to state a valid claim under § 2255." (internal citations and quotations omitted)). Accordingly, Petitioner has failed to demonstrate that he received ineffective assistance of counsel in connection with the plea-negotiation process or his ultimate decision to plead guilty.

Petitioner also generally asserts that his counsel misadvised him about the sentence he would receive. During his change-of-plea hearing, however, Petitioner represented that he understood that he faced a mandatory-minimum sentence of at least ten years' imprisonment, and he had discussed possible sentences he could face based on his guilty plea with his attorney. Additionally, at his sentencing hearing, Petitioner represented that he reviewed his presentence report carefully and discussed it with his attorney. Other than generally asserting that his counsel misadvised him, Petitioner fails to explain how counsel's conduct fell below an objective standard of reasonableness in advising him to plead guilty or how he was prejudiced by counsel's actions.

Finally, Petitioner claims that his counsel did not review his presentence report with him, which resulted in inaccuracies about his physical and mental health, and that counsel should have requested mental health treatment instead of imprisonment at sentencing. These assertions, however, are belied by Petitioner's representations at sentencing, in which he represented to the Court that he carefully reviewed the presentence report and discussed it with his attorney. Additionally, to the extent Petitioner claims that his counsel failed to adequately address his

6

Case 1:17-cr-00069-TRM-SKL    Document 650    Filed 07/25/22    Page 6 of 7    PageID #: 4887

mental-health issues with the Court at the time of sentencing, the record reflects that Petitioner's counsel filed a motion for downward departure based on Petitioner's mental-health history (Docs. 522, 523 in Case No. 1:17-cr-69), and that his attorney discussed these issues with the Court during Petitioner's sentencing hearing (*See* Doc. 576 in Case No. 1:17-cr-69.) Under these circumstances, Petitioner has not demonstrated that his counsel's conduct at sentencing fell below an objective standard of reasonableness or that he was prejudiced by counsel's actions.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's § 2255 motion (Doc. 1 in Case No. 1:21-cv-83; Doc. 610 in Case No. 1:17-cr-69) is **DENIED**. Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Additionally, the Court has reviewed this case pursuant to Rule 24 of the Federal Rules of Appellate Procedure and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is **DENIED**. *See* Fed. R. App. P. 24.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**